**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Charlotte Aguilar, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   12 C 1655 |
| | ) | |
| Capital Management Services, LP, a | ) | |
| Delaware limited partnership, | ) | |
| | ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Charlotte Aguilar, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.      Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

## PARTIES

3.      Plaintiff, Charlotte Aguilar ("Aguilar"), is a citizen of the State of Texas, from whom Defendant attempted to collect a delinquent consumer debt owed for a Discover credit card, despite the fact that she was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4.      Defendant, Capital Management Services, LP ("CMS"), is a Delaware limited partnership that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts.  Defendant CMS operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.  In fact, Defendant CMS was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debts it attempted to collect from Plaintiffs.

5.      Defendant CMS is authorized to conduct business in the State of Illinois, and maintains a registered agent within the State of Illinois. See, record from the Illinois Secretary of State, attached as Exhibit A.  In fact, Defendant CMS conducts extensive business in Illinois.

6.      Moreover, Defendant CMS is licensed as a debt collection agency in the State of Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B.  In fact, Defendant CMS acts as a collection agency in Illinois.

### FACTUAL ALLEGATIONS

7.      Ms. Aguilar is the care giver to her disabled husband, and because of her family's limited assets and income she fell behind on paying her bills, including her Discover credit card.  When CMS began trying to collect the Discover debt from Ms. Aguilar, by sending her collection letters dated November 6, 2011 and November 26, 2011, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendant CMS's collection actions.  Copies of Defendant CMS's collection letters are attached as Group Exhibit C.

2

8.      Accordingly, on February 8, 2012, one of Ms. Aguilar's attorneys at LASPD informed CMS, in writing, that Ms. Aguilar was represented by counsel, and directed CMS to cease contacting her, and to cease all further collection activities because Ms. Aguilar was forced, by her financial circumstances, to refuse to pay her unsecured debts.  Copies of this letter and fax confirmation are attached as Exhibit D.

9.      Nonetheless, Defendant CMS continued to contact Ms. Aguilar directly in an attempt to collect the Discover credit debt from her, including, but not limited to, telephone calls on February 10, 2012 and February 13, 2012 from telephone number 800-297-9940.

10.     Accordingly, on February 13, 2012, one of Ms. Aguilar's LASPD attorneys had to write to Defendant CMS again to demand that it cease communications and cease collection of the Discover debt.  Copies of this letter and fax confirmation are attached as Exhibit E.

11.     Undeterred, Defendant CMS kept calling Ms. Aguilar, including, but not limited to, telephone calls on February 16, 25 and 28, 2012, from telephone number 800-297-9940.

12.     Defendant CMS's collection actions complained of herein occurred within one year of the date of this Complaint.

13.     Defendant CMS's collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

14.     Plaintiff adopts and realleges ¶¶ 1-13.

15.     Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay.  See, 15 U.S.C. § 1692c(c).

16.     Here, the letters (Exhibit D and E) from Ms. Aguilar's, agent/attorney, LASPD, told Defendant CMS to cease communications and cease collections.  By continuing to communicate regarding this debt and demanding payment, Defendant CMS violated § 1692c(c) of the FDCPA.

17.     Defendant CMS's violations of § 1692c(c) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

18.     Plaintiff adopts and realleges ¶¶ 1-13.

19.     Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debts and has knowledge of, or can readily ascertain, such attorney's name and address.  See, 15 U.S.C. § 1692c(a)(2).

20.     Defendant CMS knew that Ms. Aguilar was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendant, in

4

writing (Exhibits <u>D</u> and <u>E</u>), that she was represented by counsel, and had directed Defendant CMS to cease directly communicating with her. By directly calling Ms. Aguilar, despite being advised that she was represented by counsel, Defendant CMS violated § 1692c (a)(2) of the FDCPA.

21.    Defendant CMS's violations of § 1692c(a)(2) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees. <u>See</u>, 15 U.S.C. § 1692k.

### PRAYER FOR RELIEF

Plaintiff, Charlotte Aguilar, prays that this Court:

1.    Find that Defendant CMS's debt collection actions violated the FDCPA;

2.    Enter judgment in favor of Plaintiff Aguilar, and against Defendant CMS, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3.    Grant such further relief as deemed just.

### JURY DEMAND

Plaintiff, Charlotte Aguilar, demands trial by jury.

Charlotte Aguilar,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated:  March 7, 2012

5

David J. Philipps      (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com